CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
May 21, 2025
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| Douglas Bradford McDowell, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 5:25-cv-00002 |
| Valley Health System, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM OPINION**

Plaintiff Douglas Bradford McDowell lost his job with Defendant Valley Health System ("Valley Health") after he failed to comply with Valley Health's COVID-19 vaccination policy. In this lawsuit, he alleges that Valley Health violated Title VII of the Civil Rights Act of 1964 and the Virginia Human Rights Act ("VHRA") by denying his request for a religious accommodation to the policy and discriminating against him based on his religious beliefs.

This matter is before the court on Valley Health's motion to dismiss Counts I, II, and III of McDowell's amended complaint and strike his request for combined punitive damages under Title VII and the VHRA (Dkt. 12). Valley Health argues that McDowell's Title VII claims are untimely and that he may not bring a failure-to-accommodate claim under the VHRA. For the reasons outlined below, the court agrees that McDowell's Title VII claims are time-barred but concludes that a failure-to-accommodate claim is cognizable under the VHRA. Accordingly, Valley Health's motion to dismiss will be granted in part and denied in

part. Because the court will dismiss McDowell's Title VII claims with prejudice, Valley Health's motion to strike is moot.

## I. Background

The facts in this section are taken from McDowell's amended complaint and are accepted as true when resolving the motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

McDowell is a registered nurse and former employee at Winchester Medical Center, which is part of Valley Health. (Am. Compl. ¶¶ 11–12 (Dkt. 10).) In July 2021, while McDowell worked for Valley Health, the company announced that it would require all employees to receive the COVID-19 vaccine. (*Id.* ¶ 13.) McDowell requested a religious accommodation to the vaccination requirement on the ground that it conflicted with his Christian faith. (*Id.* ¶¶ 17–22.) Valley Health denied McDowell's request but granted religious exemptions to several other employees who he alleges are similarly situated. (*Id.* ¶¶ 23–30.) Valley Health then terminated McDowell's employment on September 24, 2021, for his failure to receive the vaccine. (*Id.* ¶ 32.)

On November 23, 2021, McDowell filed charges of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Virginia Office of the Attorney General Office of Civil Rights ("OCR").[1] (*Id.* ¶ 35.) He received a Notice of Right to Sue letter from the EEOC on September 13, 2022, and one from OCR on March 1, 2023. (*Id.* ¶¶ 36–37.)

---

[1] McDowell's amended complaint states that he filed a charge of discrimination with the EEOC and OCR on November 23, *2022*. (Am. Compl. ¶ 35.) Because that date falls after the date he states he received the Notice of Right to Sue letter from the EEOC, (*see id.* ¶ 36), the court assumes that McDowell made a typographical error and that he actually filed the charges of discrimination on November 23, 2021.

McDowell sued Valley Health in the Circuit Court of Warren County, Virginia, on December 12, 2022. (*Id.* ¶ 38; *see* Pl.'s Resp. to Def.'s Mot. for Partial Dismissal of Compl. & Mot. to Strike Request for Combined Punitive Damages at 2 (Dkt. 18).) His complaint in that case alleged two causes of action under the VHRA: one count alleging that Valley Health failed to accommodate his religious beliefs and one count alleging disparate-treatment discrimination based on religion. (*See* Am. Compl. ¶ 38.) The complaint evidently did not allege any claims under Title VII. (*See id.*) McDowell nonsuited the action on October 7, 2024. (*Id.* ¶ 39.)

On December 6, 2024, McDowell filed a new action against Valley Health in the Circuit Court for the City of Winchester, Virginia. (*Id.* ¶ 40; *see* Notice of Removal Ex. 1 (Dkt. 1-2) [hereinafter "State Compl."].) As he had in the nonsuited Warren County case, he asserted claims arising from the denial of his religious accommodation request and the termination of his employment. In addition to re-alleging both VHRA claims, he added claims alleging failure to accommodate and disparate treatment under Title VII. (State Compl. ¶¶ 33–71.)

Valley Health removed the case to this court on January 13, 2025. (Dkt. 1.) It moved to dismiss McDowell's complaint and strike his request for "combined punitive damages." (Dkt. 7.) McDowell then filed an amended complaint as a matter of course, which mooted the motion to dismiss. (*See* Dkt. 11.) McDowell's amended complaint alleges the same four causes of action as his original complaint. He requests both compensatory damages and punitive damages "in the amount of $350,000 either from [Valley Health's] violation [of] state law or for its violation [of] federal law or both for a total of $350,000 or $700,000." (Am. Compl. ¶ 82.)

On February 21, 2025, Valley Health moved to dismiss McDowell's two Title VII claims (Counts I and III) and his VHRA failure-to-accommodate claim (Count II) and moved to strike his request for combined punitive damages.[2] (Def.'s Mot. for Partial Dismissal of Am. Compl. & Mot. to Strike Request for Combined Punitive Damages (Dkt. 12) [hereinafter "Mot. to Dismiss and Strike"].)

## II. Standard of Review

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Co. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies the plausibility standard "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When reviewing a Rule 12(b)(6) motion to dismiss, the court must "accept as true all well-pleaded facts in a complaint and construe them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017).

Because a Rule 12(b)(6) motion tests the sufficiency of a complaint, it generally is not a proper vehicle for raising affirmative defenses that a defendant has the burden of proving, "such as the defense that the plaintiff's claim is time-barred." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc). However, the court may consider a statute-of-

---

[2] Valley Health does not move to dismiss Count IV, which alleges disparate treatment in violation of the VHRA.

limitations defense in the context of a Rule 12(b)(6) motion "if all facts necessary to the affirmative defense clearly appear on the face of the complaint." *Id.* (cleaned up).

### III.    Analysis

Valley Health argues that McDowell's two Title VII claims (Counts I and III) are time-barred because he did not file his current lawsuit within 90 days of receiving the EEOC Notice of Right to Sue letter, as required by 42 U.S.C. § 2000e-5(f)(1). It argues that the court also should dismiss McDowell's VHRA failure-to-accommodate claim (Count II) because, at the time of the events in this case, the VHRA did not require employers to provide reasonable accommodations for employees' religious beliefs. Finally, Valley Health asks the court to strike McDowell's request for combined punitive damages under Title VII and the VHRA because such an award "would amount to an impermissible double recovery." (Mot. to Dismiss and Strike at 2.) The court will consider these issues in turn.

#### A. McDowell's Title VII Claims are Time-Barred.

Title VII requires that a claimant bring a civil action within 90 days of receiving a Notice of Right to Sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1); *see Fort Bend Cnty. v. Davis*, 587 U.S. 541, 544–45 (2019). A claimant who fails to file a civil action within the 90-day period "generally forfeits his right to pursue his claims." *Quinn v. Copart of Conn., Inc.*, 791 F. App'x 393, 395 (4th Cir. 2019) (citing *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149–51 (1984) (per curiam)). The Fourth Circuit has recognized that this 90-day window functions as a "limitations period." *Watts-Means v. Prince George's Family Crisis Ctr.*, 7 F.3d 40, 42 (4th Cir. 1993); *see also Laber v. Harvey*, 438 F.3d 404, 429 n.25 (4th Cir. 2006) (holding that a defendant's

argument relying on a similar 90-day filing deadline applicable to aggrieved federal employees was "in the nature of a statute-of-limitations defense").

McDowell received his Notice of Right to Sue letter from the EEOC on September 13, 2022. (Am. Compl. ¶ 36.) The 90-day deadline for filing a civil action fell on December 12, 2022. McDowell did not file his current lawsuit until December 6, 2024, nearly two years after the 90-day deadline had passed. (*Id.* ¶ 40.) He argues that his Title VII claims nonetheless are timely because they relate back to his original nonsuited action, which he filed on December 12, 2022. (*See id.* ¶ 38.)

McDowell first argues that Federal Rule of Civil Procedure 15(c)(1)(B) authorizes relation back here. That Rule provides that an "amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). When a pleading satisfies the conditions for relation back under Rule 15(c), it is "considered to have been filed on the date that the original pleading which it replaces was filed." *Feldman v. Law Enf't Assocs. Corp.*, 752 F.3d 339, 346 (4th Cir. 2014).

There is no question that McDowell's Title VII claims arise from the same conduct, transaction, or occurrence as his VHRA claims—all stem from Valley Health's decisions to deny his accommodation request and terminate his employment. But Rule 15(c) authorizes relation back only for pleadings within the *same action*; it does not allow a pleading in one case to relate back to a pleading in a separate case. *See, e.g.*, *Watkins v. Stephenson*, 57 F.4th 576, 580 (6th Cir. 2023) ("Rule 15's text contemplates that the relevant filings will arise in the same

case. It does not say that an amendment can 'relate[] back to the date' of any pleading filed anywhere."); *Velez-Diaz v. United States*, 507 F.3d 717, 719 (1st Cir. 2007) ("Rule 15(c), by its terms, applies to amended pleadings in the same action as an original, timely pleading: the pleading sought to be amended may not be a pleading filed in a different case."); *Bailey v. N. Ind. Pub. Serv. Co.*, 910 F.2d 406, 413 (7th Cir. 1990) (holding that a complaint filed in one action cannot relate back to a complaint previously filed in a separate action); *Perry v. S.C. Dep't of Corr.*, Civ. Action No. 4:12-1205, 2013 WL 681894, at *4 (D.S.C. Jan. 22, 2013) (holding that "the relation back doctrine applies to amendments made to a complaint in the same action" and rejecting plaintiff's argument that a complaint related back to an earlier action), *report & recommendation adopted*, 2013 WL 681890 (D.S.C. Feb. 25, 2013). McDowell does not cite any authority that suggests Rule 15(c) allows relation back in this scenario—the cases he relies on addressed amendments to pleadings within a single action. *Cf. Marshall v. Mulrenin*, 508 F.2d 39, 40–41 (1st Cir. 1974); *Preston v. Va. Cmty. Coll. Sys.*, No. 1:23-cv-00053, at *4–7 (W.D. Va. Oct. 24, 2024).

McDowell separately argues that his Title VII claims are timely under Virginia's nonsuit tolling statute, Virginia Code § 8.01-229(E)(3). That statute states as follows:

> If a plaintiff suffers a voluntary nonsuit as prescribed in § 8.01-380, the statute of limitations with respect to such action shall be tolled by the commencement of the nonsuited action, regardless of whether the statute of limitations is statutory or contractual, and the plaintiff may recommence his action within six months from the date of the order entered by the court, or within the original period of limitation, . . . whichever period is longer. This tolling provision shall apply irrespective of whether the action is originally filed in a federal or a state court and recommenced in any other court, and shall apply to all actions irrespective of whether they arise under common law or statute.

Va. Code Ann. § 8.01-229(E)(3). McDowell nonsuited his first state-court action on October 7, 2024. (Am. Compl. ¶ 39.) He filed his current action less than six months later, on December 6, 2024, so he maintains that § 801-229(E)(3) applies and makes his Title VII claims timely.

Because Congress has prescribed a statute of limitations for Title VII claims, however, Virginia's nonsuit tolling statute does not apply. The Supreme Court has made clear that "[i]f Congress explicitly puts a limit upon the time for enforcing a right which it created, [the] Congressional statute of limitation is definitive." *Holmberg v. Armbrecht*, 327 U.S. 392, 395 (1946). In that event, state tolling or saving statutes do not apply. *See, e.g.*, *Beck v. Caterpillar Inc.*, 50 F.3d 405, 407 (7th Cir. 1995); *Garrison v. Int'l Paper Co.*, 714 F.2d 757, 759 n.2 (8th Cir. 1983); *Draper v. U.S. Pipe & Foundry Co.*, 527 F.2d 515, 522 (6th Cir. 1975).

The Fourth Circuit, in an unpublished decision, has specifically held that Va. Code § 8.01-229(E)(3) "does not operate to toll" the 90-day limitations period for Title VII actions because "[w]hen the plaintiff voluntarily dismisses a lawsuit governed by a federal statutory limitations period, the state savings statutes do not apply." *Mann v. Standard Motor Prods., Inc.*, 532 F. App'x 417, 418 (4th Cir. 2013) (per curiam); *see also Stokes v. Pullen*, 122 F.3d 1062 (Table), 1997 WL 577642, at *1 (4th Cir. Sept. 18, 1997) (per curiam) (same); *Neal v. Xerox Corp.*, 991 F. Supp. 494, 499 (E.D. Va. 1998) ("Since [plaintiff] brings a federal Title VII action that is governed by a federal 90 day limitations period, Virginia's non-suit provision does not save her claim.").

Finally, Va. Code § 8.01-229(E)(3) is inapplicable to Title VII claims regardless of whether the plaintiff filed the original, nonsuited action in federal or state court. Another

court in this district has reached the same conclusion. *See Pendleton v. Nat'l Wildlife Fed'n*, No. 5:10-cv-00009, 2010 WL 1212566, at *2, 4 (W.D. Va. Mar. 26, 2010); *see also Crain v. Gaston Cnty. Bd. of Educ.*, No. 3:15-CV-00188, 2015 WL 6449413, at *3–4 (W.D.N.C. Oct. 23, 2015) (rejecting plaintiff's argument that North Carolina's nonsuit tolling statute applied to claims originally filed in state court alleging violations of the Americans with Disabilities Act ("ADA") because there is a federally prescribed limitations period for ADA claims). This court finds the reasoning in *Pendleton* persuasive and concludes that Va. Code § 8.01-229(E)(3) did not toll the 90-day limitations period for McDowell's Title VII claims. Because McDowell filed his complaint alleging his Title VII claims more than two years after he received the EEOC's Notice of Right to Sue letter, those claims are time-barred.[3]

Accordingly, the court will grant Valley Health's motion to dismiss with respect to the Title VII claims. It will dismiss those claims with prejudice because further amendment would be futile. *See Cozzarelli v. Inspire Pharms., Inc.*, 549 F.3d 618, 630–31 (4th Cir. 2008).

**B. McDowell May Allege a Failure-to-Accommodate Claim under the VHRA.**

Count II of McDowell's amended complaint alleges that Valley Health violated the VHRA by refusing to accommodate his religious beliefs. Valley Health argues that this claim fails as a matter of law because the VHRA does not require an employer to provide reasonable accommodations for its employees' religious beliefs.

---

[3] McDowell apparently did not allege any Title VII claims in the original, nonsuited action. (*See* Am. Compl. ¶ 38.) He does not explain how Va. Code § 8.01-229(E)(3), which applies to "recommenced" actions, can toll the statute of limitations for a claim a plaintiff does not allege in the nonsuited action. *See Spencer v. Sharp Elecs. Corp.*, 43 Va. Cir. 621, 1996 WL 1065658, at *2–3 (Va. Cir. Ct. Dec. 18, 1996). Regardless, even if the statute otherwise would apply in this scenario, it cannot operate to toll the 90-day limitations period for Title VII claims. *See Pendleton*, 2010 WL 1212566, at *2, 4 (holding that the statute did not apply where the plaintiff alleged Title VII claims in both her nonsuited action and her second action).

McDowell's claim is governed by the version of the VHRA in effect in July–September 2021, when Valley Health denied his accommodation request and terminated his employment. That version of the statute makes it an "unlawful discriminatory practice" for employers with fifteen or more employees to "[f]ail or refuse to hire, discharge, or otherwise discriminate against any individual with respect to such individual's compensation, terms, conditions, or privileges of employment because of such individual's . . . religion." Va. Code Ann. § 2.2-3905(A), (B)(1) (2021).

The 2021 version of the VHRA also makes it unlawful for an employer to "[r]efuse to make reasonable accommodation" to an employee with a known disability or known limitations due to pregnancy, childbirth, or related medical conditions. *See* Va. Code Ann. § 2.2-3905.1(B)(1) (2021) (disabilities); *id.* § 2.2-3909(B)(1) (pregnancy, childbirth, or related conditions). An employer is required to provide reasonable accommodations for those conditions unless doing so would create an "undue hardship" for the employer. *Id.* The statute enumerates factors to consider when determining whether an accommodation would impose an undue hardship. *See id.* It also clarifies that providing a reasonable accommodation related to an employee's disability, pregnancy, childbirth, or related medical conditions at the employee's request is not itself an unlawful discriminatory practice. *Id.* § 2.2-3905(C)(5).

The 2021 version of the VHRA does not expressly require employers to accommodate an employee's religious beliefs. Nor does it follow Title VII's approach and define "religion" in a way that incorporates an accommodation requirement. *See* 42 U.S.C. § 2000e(j) (defining "religion" to include "all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's . . .

- 10 -

religious observance or practice without undue hardship on the conduct of the employer's business"). In fact, the 2021 version of the VHRA does not define "religion" at all.[4]

Valley Health argues that the omission of religious beliefs from the list of characteristics employers must reasonably accommodate is compelling evidence that the VHRA does not impose any religious accommodation requirement. As Valley Health points out, when the legislature "includes particular language in one section of a statute but omits it in another provision of the same Act, it is generally presumed that [the legislature] acts intentionally and purposefully in the disparate inclusion or exclusion." *Soliman v. Gonzales*, 419 F.3d 276, 283 (4th Cir. 2005) (alteration in original); *see N.L.R.B. v. Sw. Gen., Inc.*, 580 U.S. 288, 302 (2017). The Eastern District of Virginia has applied this same reasoning to hold that the VHRA does not require an employer to accommodate an employee's religious beliefs. *See Ellison v. Inova Health Care Servs.*, 692 F. Supp. 3d 548, 561 (E.D. Va. 2023) (concluding that "Virginia's legislature has made the deliberate decision not to create such a requirement—despite having done so [for other protected characteristics] in other sections of the same statute").

"The force of any negative implication, however, depends on context." *Sw. Gen., Inc.*, 580 U.S. at 302 (quoting *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 381 (2013)). Although the VHRA does not list religious beliefs as a characteristic employers must accommodate, a separate section of the Act states that "[c]onduct that violates any . . . federal statute or regulation governing discrimination on the basis of . . . religion . . . is an unlawful

---

[4] In 2022, after the events in this case, the Virginia General Assembly added a definition of "religion" to the VHRA. *See* 2022 Va. Acts 799. It defined "religion" to include "any outward expression of religious faith, including adherence to religious dressing and grooming practices and the carrying or display of religious items or symbols." *Id.*; Va. Code Ann. § 2.2-3901(E). Unlike the definition of "religion" in Title VII, that definition does not address an employer's obligation to accommodate employees' religious beliefs. *See* 42 U.S.C. § 2000e(j).

discriminatory practice under this chapter." Va. Code § 2.2-3902 (2021). The clear import of that provision—which evidently was not presented to the court in *Ellison*—is that conduct which violates Title VII's prohibitions on religious discrimination also constitutes an "unlawful discriminatory practice" under the VHRA. *See Grimes v. Canadian Am. Transp., C.A.T. (U.S.), Inc.*, 72 F. Supp. 2d 629, 634 (W.D. Va. 1999) (relying on a precursor of the provision in § 2.2-3902 to hold, in the context of a sexual discrimination claim, that "[t]he VHRA essentially makes any federal violation a violation of Virginia law as well").[5] In 2021, it was well-established that an employer may be liable under Title VII for failing to provide reasonable accommodations for an employee's religious beliefs. *See, e.g.*, *E.E.O.C. v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768, 775 (2015); *E.E.O.C. v. Consol Energy, Inc.*, 860 F.3d 131, 141 (4th Cir. 2017). Section 2.2-3902 instructs that the same conduct violates the VHRA.

Valley Health argues that the language in § 2.2-3902 does not, in fact, mean that violations of Title VII necessarily constitute violations of the VHRA. It maintains that the language merely clarifies that OCR has the authority to investigate violations of federal anti-discrimination laws during the administrative review process. (Def.'s Mem. in Supp. of Mot. for Partial Dismissal of Am. Compl. and Mot. to Strike Request for Combined Punitive Damages at 13–14 (Dkt. 13).) For support, Valley Health relies solely on the fact that a later paragraph in § 2.2-3902 states that OCR may "investigate complaints alleging an unlawful discriminatory practice under a federal statute or regulation" and attempt to resolve such complaints through conciliation. Va. Code Ann. § 2.2-3902 (2021).

---

[5] Courts have relied on the language in § 2.2-3902 to hold that a plaintiff's VHRA claim rises and falls with a corresponding claim brought under Title VII. *See, e.g.*, *Brackney-Wheelock v. City of Charlottesville*, 652 F. Supp. 3d 603, 633 & n.15 (W.D. Va. 2023) (race, color, and gender discrimination).

Valley Health's argument is difficult to square with the plain language of the statute. The paragraph in § 2.2-3902 tying VHRA violations to violations of federal law applies to far more than OCR's administrative review process. It states that a violation of a federal anti-discrimination statute or regulation "is an unlawful discriminatory practice *under this chapter.*" *Id.* (emphasis added). That chapter comprises the entire VHRA, including the section that prohibits discrimination based on religion, § 2.2-3905(B). A 2021 amendment to § 2.2-3905(B) further underscores that the VHRA looks to federal anti-discrimination laws to define the scope of prohibited conduct. Previously, § 2.2-3905(B) used the term "unlawful employment practice" when referring to prohibited conduct. 2021 Va. Acts 12. The 2021 amendment replaced that term with "unlawful *discriminatory* practice," which mirrors the term used in § 2.2-3902. *Id.* Finally, the section authorizing civil actions broadly permits an aggrieved employee to sue an employer who "unlawfully discriminated against" the employee in violation of the VHRA. Va. Code. Ann. § 2.2-3908(A) (2021).

Based on the language in § 2.2-3902, the court concludes that a violation of Title VII's religious accommodation requirement also constituted an actionable violation of the VHRA at the time of the events in this case. Thus, the court will deny Valley Health's motion to dismiss Count II of the amended complaint.

### C. Motion to Strike Combined Request for Punitive Damages

Finally, Valley Health argues that the amended complaint improperly requests combined punitive damages under Title VII and the VHRA and moves to strike that request under Federal Rule of Civil Procedure 12(f). Because the court will dismiss McDowell's Title VII claims with prejudice, it need not determine whether McDowell's request for combined

punitive damages was improper. The dismissal of his Title VII claims moots Valley Health's motion to strike.

### IV. Conclusion

For the foregoing reasons, Valley Health System's motion to dismiss (Dkt. 12) will be **GRANTED** in part and **DENIED** in part. The motion to dismiss will be **GRANTED** as to Counts I and III, and those counts will be **DISMISSED with prejudice**. The motion to dismiss will be **DENIED** as to Count II. Valley Health's motion to strike (Dkt. 12) will be **DENIED** as moot.

An appropriate Order will accompany this Memorandum Opinion.

**ENTERED** this  21st  day of May, 2025.

_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE